# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JEREMY BENION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) |
| T-MOBILE USA, INC., | ) |
| | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for unlawful termination of employment instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq*. ("FMLA"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Jeremy Benion ("Plaintiff") timely filed his charge of discrimination against defendant T-Mobile USA, Inc. ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of his right-to-sue letter.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4. Defendant is a Delaware corporation with a principal place of business in Bellevue, Washington.

## III. FACTS

5. In or about September of 2010, Plaintiff became employed by Defendant.

6. Plaintiff worked at Defendant's facility in Birmingham, Alabama.

7. Plaintiff was employed there in customer service.

8. In or about February 2018, Plaintiff was promoted to Senior Expert in Technical Care, providing support to customers over the phone.

9. Plaintiff suffers from anxiety and depression, and did so during the events of this case.

10. In or about April of 2021, Plaintiff requested leave under the FMLA for his anxiety and depression.

11. Plaintiff submitted documentation from his health care provider in support of the request.

12. Plaintiff's leave request provided for him to take time off anticipated to be needed up to two days a week.

13. In or about April of 2021, Defendant approved Plaintiff's request for intermittent leave under the FMLA for his anxiety and depression.

14. Plaintiff's anxiety and depression was caused in large part because of stress from his job with Defendant.

15. In particular, during this time Plaintiff and his peers were dealing with a significantly higher number of calls from customers expressing dissatisfaction than in the past.

16. These dissatisfied customers were dealing with technical issues related to Defendant's implementation of its 5G wireless network.

17. Plaintiff thereafter exercised his right to take the approved FMLA leave and did so consistent with its terms and Defendant's policies.

18. In May of 2021, Plaintiff was promoted to Elite Expert in Technical Care.

19. Plaintiff's supervisor at the time was Kenya Catlin, Team Coach.

20. Over Catlin was Ladarius McCurdy, Senior Program Manager.

21. Catlin and McCurdy were aware of Plaintiff's anxiety and depression and his intermittent leave.

22. McCurdy made complaints that Plaintiff's intermittent leave was affecting his Net Promoter Score ("NPS").

23. NPS was a measure of customers' satisfaction with Defendant and its products.[1]

24. Consequently, NPS did not measure customers' satisfaction with their interactions with Plaintiff or, in their case, his peers.

25. In latter July of 2021, Plaintiff submitted a complaint to Monette Calderon, a Human Resources Business Partner for Defendant, that McCurdy had been complaining about his medical leave affecting his NPS scores.

26. On or about August 7, 2021, McCurdy gave Plaintiff an unfounded disciplinary action based on his NPS scores.

27. Very few of Plaintiff's peers made the NPS metric.

28. Plaintiff's NPS scores were better than many of his peers.

29. Plaintiff's peers who scored lower than him and who did not meet the metric were not written up.

30. This was the first disciplinary action Plaintiff had received.

31. McCurdy was aware of Plaintiff's complaint to Calderon at the time.

32. On or about August 8, 2021, Plaintiff was moved to working under Shetina Crawford as Team Coach.

---

[1] Per Defendant's website, NPS is "a measure of likelihood to recommend a brand and customer loyalty." https://www.t-mobile.com/news/press/jdp-care-aug-2019.

33. Mary Houston was over Crawford and was Plaintiff's new Senior Program Manager.

34. On or about September 16, 2021, Plaintiff was terminated by Crawford and Houston.

35. Crawford and Houston were aware of Plaintiff's anxiety and depression and his intermittent leave at the time.

36. The reason given was Plaintiff's not meeting the NPS metric.

37. The asserted reason was pretextual.

38. Again, very few of Plaintiff's peers made the NPS metric.

39. Again, Plaintiff's NPS scores were better than many of his peers.

40. Plaintiff's peers who scored lower than him and who did not meet the metric were not terminated.

## IV. CAUSES OF ACTION

### COUNT I

### ADA

41. Paragraphs 1-40 above are incorporated by reference.

42. Defendant was an employer as that term is contemplated under the ADA during the events of this case.

43. Plaintiff's anxiety and depression constituted a mental impairment under the ADA during the events of this case.

44. Due to this impairment, Plaintiff was substantially limited with respect to the major life activity of the operation of his neurological system, as well as concentrating, thinking, communicating, interacting with others, and working during flare-ups.

45. Plaintiff is and was during the events of this case disabled under the ADA.

46. Alternatively, Defendant regarded Plaintiff as disabled.

47. Plaintiff was and is a qualified individual able to perform the essential functions of his position, with accommodation.

48. Plaintiff's advising Defendant of his disability and requesting intermittent time off from work because of it constituted a request for a reasonable accommodation for that disability under the ADA.

49. Defendant violated Plaintiff's rights under the ADA by terminating his employment (1) because of his disability, real or perceived, (2) as a result of its failure to reasonably accommodate his disability by terminating him instead of allowing him to take leave for his disability, and/or (3) in retaliation for his request for an accommodation for his disability in taking medical leave.

50. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him into the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay and lost benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## FMLA

51. Paragraphs 1-40 above are incorporated by reference.

52. Defendant was a covered employer under the FMLA during the course of events set forth above.

53. Plaintiff was an eligible employee under the FMLA during the course of events set forth above, to-wit:

(a) Plaintiff had been employed by Defendant for at least 12 months prior to the events at issue;

(b) Plaintiff had worked at least 1,250 hours in his service to Defendant in the 12 months prior to the events at issue; and

(c) Plaintiff was employed at a worksite where 50 or more employees were employed by Defendant within 75 miles.

54. Plaintiff's anxiety and depression constituted a serious health condition under the FMLA in that it was a chronic condition under 29 C.F.R. §825.115(c) involving (i) treatment by a health care provider at least twice a year, (ii) continuation

over an extended period of time (including recurring episodes of a single underlying condition), and (iii) episodic rather than continuing periods of incapacity.

55  In reporting to Defendant the cause for his absences due to his serious health condition referenced above, including submission of an FMLA medical certification, and obtaining approval from Defendant for FMLA leave, Plaintiff met his obligation of apprising Defendant that these absences were FMLA-qualifying.

56. In terminating Plaintiff, Defendant violated his rights under the FMLA by (a) interfering with his right to take leave covered by the FMLA, and/or (b) retaliating against him for availing himself of his rights under the FMLA.

57.  Defendant knew, or showed reckless disregard for whether, its act of terminating Plaintiff violated the FMLA.

58. Defendant acted in willful violation of the FMLA.

59.  As a result of the above described unlawful act, Plaintiff has been made to suffer lost wages and benefits.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions violated the FMLA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating Plaintiff's FMLA rights;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him in the position he would have occupied in the absence of Defendant's violation of his FMLA rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment, and ordering Defendant to pay liquidated damages;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

        Respectfully submitted,

        s/ Adam M. Porter
        Adam M. Porter
        Attorney for Plaintiff
        Adam M. Porter, LLC
        2301 Morris Avenue, Suite 102
        Birmingham, Alabama 35203
        Phone: (205) 322-8999
        Facsimile: (205) 402-4619
        Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

        s/ Adam M. Porter
        Attorney for Plaintiff

Defendant's Address:
T-Mobile USA, Inc.
c/o Corporation Service Company, Inc., Registered Agent
641 S. Lawrence St.
Montgomery, AL 36104